UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH R. LEE, | CASE NO. C17-719-MJP |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS |
| v. | |
| ASPLUNDH TREE EXPERT COMPANY, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant's Motion to Compel and Motion for Sanctions. (Dkt. No. 13.) Having considered the Motion, the Reply (Dkt. No. 15) and all related papers, the Court GRANTS Defendant's Motion to Compel and GRANTS Defendant's Motion for Sanctions.

**Background**

Plaintiff Sarah Lee brings this employment discrimination lawsuit against Defendant Asplundh Tree Expert Company on the basis of sex and disability. (Dkt. No. 1.) Plaintiff alleges that during her employment with Defendant, she was subjected to a hostile working environment based on sex, and was terminated after reporting the harassment and requesting

accommodations for stress she suffered as a result. (Id. at 4-5.) Defendant alleges that Plaintiff has provided inadequate discovery responses. (Dkt. No. 13.) In particular, Defendant alleges that Plaintiff has (1) failed to sign her interrogatory responses; (2) failed to produce documents responsive to Defendant's requests for production, including medical, employment, and tax records; and (3) refused to allow Defendant to review her cell phone. (Id. at 2-3.)

Defendant now moves to compel more complete discovery responses. (Id. at 8.) Defendant seeks to recover its fees and costs incurred in bringing this motion. (Id.) Plaintiff has not opposed the motion.

**Discussion**

**I.      Responses to Interrogatories**

Defendant moves to compel Plaintiff to produce signed and sworn responses to its interrogatories. (Dkt. No. 13.) While Plaintiff has provided responses, she did not sign them under oath as required by Federal Rules of Civil Procedure 33(b)(3) and (5). Plaintiff is ordered to provide Defendant with a signed, sworn copy of her responses within seven (7) days of the date of this Order.

**II.     Responses to Requests for Production**

Defendant moves to compel Plaintiff to produce signed stipulations of release to allow Defendant to obtain copies of her medical, employment, and tax records. (Dkt. No. 13.) Defendant also moves to compel Plaintiff to provide legible copies of various previously-produced documents. (Id.) Although Plaintiff agreed to sign stipulations of release as to her medical records and tax returns (See Responses to RFP Nos. 5, 7, 8; Dkt. No. 14-3 at 16-17), she

1 apparently has yet to sign them or to otherwise produce the requested records.[1] (Dkt. No. 13 at
2 6.) Of the records that Plaintiff has produced, at least six pages are entirely illegible, and appear
3 to be low-resolution photographs of official forms. (See Dkt. No. 14-4 at 2-7.)

Plaintiff has failed to comply with Federal Rule of Civil Procedure 34, which requires a party to permit inspection or produce copies of documents "no later than the time for inspection specified in the request or another reasonable time specified in the response," and to "produce documents as they are kept in the usual course of business." Fed. R. Civ. P. 34 (b)(2)(B), (b)(2)(E)(i). Plaintiff is ordered to provide Defendant with signed stipulations of release for her medical records and tax returns (or, in the alternative, legible copies of the underlying documents) and legible copies of each of the previously-produced documents within seven (7) days of the date of this Order.

### III.     Request to Inspect Cell Phone

Defendant moves to compel production of Plaintiff's cell phone(s) for inspection and imaging by Defendant's forensic expert. (Dkt. No. 14-3 at 18.) Plaintiff testified that she sent text messages to her supervisor concerning potential disciplinary actions against her and that she received texts from other employees inquiring as to whether she had been terminated, (Dkt. No. 14-6 at 25, 27, 29). Defendant claims that inspection and imaging are needed because "Plaintiff cannot be trusted to produce authentic and unaltered documents to Defendant," as evidenced by her conduct in prior, related litigation. (Dkt. No. 13 at 7.) Specifically, in Lee v. Trees, Inc., Case No. 3:15-cv-0165-AC (D. Or.), Plaintiff sued Trees, Inc., a subsidiary of Defendant for sexual harassment and retaliation. (Dkt. No. 13 at 3.) Plaintiff produced printed copies of text

---

[1] It does not appear that Defendant ever requested, or that Plaintiff ever agreed to sign a stipulation of release, regarding her employment records.

messages supporting her allegations, which were later found to include fraudulent excerpts of sent text messages "interspersed" with unsent text messages. (Id. at 4.) The District of Oregon found that Plaintiff's "pattern of deception casts doubt upon other evidence she has produced and may yet provide," and dismissed the case in its entirety. (Id.)

Plaintiff is ordered to submit all cell phones that she used from her date of hire by Defendant to the present for inspection and imaging by Defendant's forensic expert. The parties are ordered to identify a mutually acceptable plan for inspection within seven (7) days of the date of this Order. Plaintiff shall not delete or alter the contents of her cell phone(s) in any way prior to the inspection.

**IV.     Request for Sanctions**

Having granted Defendant's Motion to Compel, the Court orders Plaintiff to pay Defendant's fees and costs incurred in bringing the Motion. Defendant is ordered to produce a calculation of those fees and costs it claims are recoverable within seven (7) days of the date of this Order.

**Conclusion**

The Court GRANTS Defendant's Motion to Compel and rules as follows:

1. Plaintiff is ORDERED to provide Defendant with a signed, sworn copy of her responses within seven (7) days of the date of this Order.

2. Plaintiff is ORDERED to provide Defendant with signed stipulations of release for her medical records and tax returns (or, in the alternative, legible copies of the underlying documents) and legible copies of each of the previously-produced documents within seven (7) days of the date of this Order.

3. The parties are ordered to identify a mutually acceptable plan for inspection of Plaintiff's cell phone(s) by Defendant's forensic expert within seven (7) days of the date of this Order. Plaintiff shall not delete or alter the contents of her cell phone(s) in any way prior to the inspection.

The Court GRANTS Defendant's request for fees and costs incurred in bringing this Motion. Defendant is ordered to produce a calculation of those fees and costs it claims are recoverable within seven (7) days of the date of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 29, 2017.

*[signature]*
Marsha J. Pechman
United States District Judge