UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH LEE,<br><br>    Plaintiff,<br><br> v.<br><br>ASPLUNDH TREE EXPERT COMPANY,<br><br>    Defendant. | CASE NO. C17-719-MJP<br><br>ORDER GRANTING MOTION TO DISMISS |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 21.) Plaintiff has not filed a response. Having considered the Motion and related papers, and the record of this action to date, the Court GRANTS the Motion to Dismiss.

**Background**

Plaintiff Sarah Lee brings this employment discrimination case against her former employer, Defendant Asplundh Tree Expert Company ("Asplundh") alleging discrimination based on sex and disability. (Dkt. No. 1.) Plaintiff asserts causes of action for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities

Act, 42 U.S.C. § 12101, et seq., and the Washington Law Against Discrimination, RCW 49.60.180. (Id. at 4-5.)

Plaintiff worked for Asplundh as a journeyman tree trimmer between May-September 2016. (Id. at 2.) Plaintiff alleges she was subjected to harassment and denigrated on the basis of sex, was not permitted to perform the same jobs as male co-workers with similar or fewer qualifications, was repeatedly subjected to dangerous working conditions, and was written up for insubordination when she refused to perform tasks that were hazardous. (Id. at 2-3.) Plaintiff alleges she was terminated after reporting the harassment and requesting accommodations for stress she suffered as a result. (Id. at 3-4.) Asplundh responds that Plaintiff voluntarily quit her job after her foreman offered her training, and after her supervisor refused her request to be written up for insubordination. (Dkt. No. 21 at 2.)

On December 17, 2017, Asplundh moved the Court to compel Plaintiff to provide a complete response to its discovery requests. (Dkt. No. 13.) Apparently, Plaintiff had (1) failed to sign her interrogatory responses; (2) failed to provide documents responsive to Asplundh's requests for production; and (3) failed to allow Asplundh's experts to review her cell phone, the contents of which were relevant to her claims. (Id. at 2-3.) On December 29, 2017, the Court granted Asplundh's request, and ordered Plaintiff to: (1) provide "signed, sworn" copies of the discovery responses within seven days; (2) provide stipulations of release for relevant medical, employment, and tax records; and (3) provide legible copies of documents. (Dkt. No. 16 at 4-5.) The Court also ordered the parties to identify a mutually acceptable plan for inspection of Plaintiff's cell phone. (Id. at 5.) The Court granted Asplundh's request for sanctions, ordered Plaintiff to pay its reasonable attorneys' fees and costs within fifteen days, and warned Plaintiff that failure to comply could result in sanctions, including dismissal. (Dkt. No. 19.) Since then,

Plaintiff has apparently failed to comply with the Court's order, and has yet to pay the imposed sanctions. (Dkt. No. 21 at 4-5.)

## Discussion

Federal Rule of Civil Procedure 37(b) authorizes the Court to "dismiss the action or proceeding, in whole or in part" for failure to obey an order to provide or permit discovery. Before imposing dismissal as a sanction, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (citation omitted). The Court finds that each of these factors favors dismissal of this action. In particular, the Court observes that Plaintiff has made no effort to participate in the discovery process, and has repeatedly disregarded the orders of this Court and others. See Lee v. Trees, Inc., Case No. 3:15-cv-0165-AC (D. Or.). Plaintiff cannot refuse discovery, misuse judicial resources, and still be permitted to bring her case to trial. Further, the Court has already imposed monetary sanctions to no avail. Dismissal is therefore the only sanction with any chance of meaningfully deterring Plaintiff from continuing her pattern of non-compliance.

The Court GRANTS Defendant's Motion to Dismiss in its entirety. IT IS ORDERED that this action and all claims asserted herein are hereby DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all counsel.

Dated February 26, 2018.

Marsha J. Pechman
United States District Judge